Glenn R. Bronson (USB #7362)
GRBronson@traskbritt.com
James C. Watson (USB #13395)
JCWatson@traskbritt.com
TRASKBRITT, PC
230 South 500 East, Suite 300
Salt Lake City, UT 84102
Telephone: (801) 532-1922
Fax: (801) 531-9168

Ariel Reinitz (*admitted Pro Hac Vice*)
Ariel.Reinitz@FisherBroyles.com
R. Mark Halligan (*admitted Pro Hac Vice*)
RMark.Halligan@FisherBroyles.com
FISHERBROYLES, LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
(646)494-6909

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| QUEST SOLUTION, INC.; HTS IMAGE PROCESSING, INC.; HTS (USA) INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> REDLPR, LLC; SAGY AMIT; JEREMY BARKER; RIVERLAND TECHNOLOGIES LLC, <br><br> *Defendants*. | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO MAINTAIN PORTIONS OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER SEAL** <br><br> Case No. 2:19-cv-00437-CW-DBP <br><br> District Judge Clark Waddoups <br> Magistrate Judge Dustin B. Pead |

Plaintiffs Quest Solution, Inc., HTS Image Processing, Inc., and HTS (USA) Inc. (collectively, "HTS") submit this reply memorandum in support of their Motion (ECF Nos. 57-58) pursuant to Local Rule DUCivR 5-3(b)(2) to maintain portions of the Motion for Summary Judgment filed by Defendants RedLPR, LLC, Sagy Amit, and Jeremy Barker (collectively, "Defendants") under seal.

I. *HTS Does Not Object to Unsealing Most of Defendants' MSJ*

In their opposition brief, Defendants indicate they do not oppose the sealing of exhibits containing HTS' trade secrets. ECF No. 80 at 6 ("Defendants do not object to the Court maintaining [Exhibits A22 and D5] under seal…"). To further reduce the issues in dispute (and

1

without conceding to any of Defendants' arguments), HTS does not object to the unsealing of the following sections of Defendants' motion for summary judgment (ECF No. 50):

> Defendants' Motion for Summary Judgment (ECF No. 50-1)
> Declaration of Sagy Amit (ECF No. 50-2)
> Exhibits A24-A30 to the Amit Declaration (ECF Nos. 50-14 – 50-20)
> Declaration of Jeremy Barker (ECF No. 50-22)
> Exhibits B3, B5, B6, B8,-B12 to the Barker Declaration (ECF Nos. 50-24,
>     50-26, 50-27, 50-29 – 50-33)
> Declaration of Robert Byerly (ECF No. 50-34)
> Declaration of Levi Silver (ECF No. 50-36)

## II. Limited Portions of Defendants' MSJ Should Remain Under Seal

As noted above, Defendants do not oppose the sealing of Exs. A22 and D5 to the MSJ (ECF Nos. 50-13, 50-39), which contain HTS' trade secrets. ECF No. 80 at 6. Other than these exhibits, HTS maintains that limited portions of the following exhibits should remain under seal:

Exhibits B2, B4, and B7 to the Barker Declaration (ECF Nos. 50-23, 50-25, 50-28).

Ex. B2 is an internal email thread between Barker and HTS management in which Barker references the use of HTS' technology in various sensitive government installations.

Ex. B4 is an internal email thread between Barker and HTS management containing detailed internal financial information regarding various HTS projects. Defendants do not object to maintaining such information under seal. *See* ECF No. 80 at 8 n.5 ("Defendants do not object to HTS redacting [specific financial] numbers and names and publicly filing the balance of the underlying documents.").

Ex. B7 is an email between HTS and a camera vendor which includes personal information with no relevance to this case.

The basis for maintaining the designated information from these exhibits under seal is outlined in HTS' opening brief. *See* ECF No. 57 at 8-10.

### III. *Defendants' Arguments, Though Moot, Are Substantively Unavailing*

In view of the above, the Court need not reach the substance of Defendants' arguments opposing HTS' motion to seal. Nevertheless, these arguments are unavailing, including for the reasons outlined briefly below.

**A. There is No "Collateral Estoppel"**

Defendants suggest that because a California State court denied HTS' motion to compel Amit to arbitration in an unrelated dispute, HTS is "collaterally estopped" from maintaining that Amit and Barker had confidentiality obligations to HTS. ECF No. 80 at 3.

Defendants are *wrong*. A party invoking collateral estoppel (issue preclusion) must establish all four of the following elements:

> (1) the issue previously decided is identical with the one presented in the action in question
> (2) the prior action has been finally adjudicated on the merits by a final judgment "to which resolution of [the] particular issue was necessary."
> (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and
> (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (citing *Arizona v. California*, 530 U.S. 392, 414 (2000)). Here, only the third element is met: HTS was a party to the California action.

The California court found that "there was no signed agreement to arbitrate" between Amit and HTS. ECF No. 80-8 at 1. This determination – regarding arbitration – is far from "identical" to the question of whether Amit and Barker had confidentiality obligations to HTS. In any event, the issue of Amit and Barker's confidentiality obligations was far from "necessary" for the California Court's determination regarding arbitration. "[I]ssue preclusion will not apply in the absence of a valid and final judgment *to which resolution of a particular issue was*

3

*necessary*." *Stan Lee Media*, 774 F.3d at 1297 (emphasis added). Similarly, HTS did not have "a full and fair opportunity to litigate" the issue of Amit and Barker's confidentiality obligations in the California action. *Id*.[1]

### B. Defendants Emphasis on the Terms of Their Agreements with HTS is Misplaced

After working for HTS for a period of years, Defendants insist they have "no confidentiality obligations whatsoever" to HTS. ECF No. 80 at 3. Defendants further suggest they are free to "publish[] on the Internet every fact ever learned [from] HTS." *Id.* at 4.

Though this brazen attitude is consistent with the conduct at issue in this case, it is wholly inconsistent with the law. "[E]ven in the absence of a written contract, an employee has a fiduciary obligation to protect confidential information obtained during the course of his employment." *Carpenter v. United States*, 484 U.S. 19, 27-28, 108 S. Ct. 316, 321 (1987). "It is well established… that a person who acquires special knowledge or information by virtue of a confidential or fiduciary relationship with another is not free to exploit that knowledge or information for his own personal benefit…" *Id*.

In any event, "[f]undamentally… a confidentiality agreement is not an absolute prerequisite to trade secret protection." *People Experts CA, Inc. v. Engstrom*, No. 2:17-cv-00318-KJM-CKD, 2017 U.S. Dist. LEXIS 154524, at *19 (E.D. Cal. Sep. 21, 2017). "Other measures can make up for the lack of an agreement, and courts can find an implied agreement based on the circumstances." *Id. See also BDT Prods. v. Lexmark Int'l, Inc.*, 124 F. App'x 329, 332 (6th Cir. 2005) ("a written agreement [is not] a prerequisite to preservation of a trade secret."); *SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d 696, 715 (N.D. Ill. 2009) ("a confidentiality agreement is not a prerequisite to recovery" for trade secret misappropriation).

---

[1] Notably, the term "confidential" appears nowhere in the California Court's decision regarding arbitration. *See* ECF No. 80-8.

### C. Defendants' Ignore Evidence Demonstrating HTS Took Reasonable Efforts to Maintain Confidentiality

As outlined in HTS' brief opposing the MSJ (incorporated herein by reference), HTS used proprietary notices, policies, and confidentiality disclaimers, provisions, and agreements to maintain confidentiality of its trade secrets and confidential information. ECF No. 73 at 26-27. Such efforts are sufficient to maintain the secrecy of a trade secret, even if "aspects of plaintiff's procedures [] could have been stronger." *John Bean Techs. Corp. v. B GSE Grp., LLC*, No. 1:17-cv-142-RJS-DAO, 2020 U.S. Dist. LEXIS 146261, at *20 (D. Utah Aug. 13, 2020).

In their opposition, Defendants' dismiss HTS' evidence as "isolated documents." ECF No. 80 at 4. This self-serving assertion is insufficient to rebut the evidence showing HTS' efforts to maintain confidentiality. Notably, Defendants do not address the fact that much of this evidence is supported by Defendants own words and actions while working for HTS. *See, e.g.*, ECF Nos. 57-10, 57-11 (Amit asking HTS customers to "**PLEASE KEEP THIS PROPOSAL CONFIDENTIAL!**" and providing pricing information prominently designated "For Internal Use Only" and "Confidential").[2]

### *IV. Conclusion*

For the foregoing reasons, including as outlined in HTS' opening brief (ECF No. 57), HTS respectfully asks the Court to maintain Exhibits A22 and D5 to Defendants' Motion for Summary Judgment (ECF Nos. 50-13, 50-39) under seal.

---

[2] Defendants also misleadingly seize on a statement by Barker that "we [(HTS)] have absolutely no agreements or contracts with any of our existing customers inside the US." ECF No. 50-23 at 1. Defendants ignore the fact that Barker's statement was made in context of a lengthy exchange regarding data ownership and had no connection whatsoever to confidentiality obligations. *Id*.

HTS further asks the Court to maintain limited portions of Exhibits B2, B4, and B7 to Defendants' Motion for Summary Judgment (ECF Nos. 50-23, 50-25, 50-28), under seal. Such limited portions are reflected in the redactions to these documents that accompany this submission.

March 23, 2021

RESPECTFULLY SUBMITTED,

*/s/ Ariel Reinitz*
Ariel Reinitz *(admitted Pro Hac Vice)*
R. Mark Halligan (*admitted Pro Hac Vice*)
FISHERBROYLES, LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
(646)494-6909
Ariel.Reinitz@FisherBroyles.com
RMark.Halligan@FisherBroyles.com

Glenn R. Bronson (USB #7362)
James C. Watson (USB #13395)
TRASKBRITT, PC
230 South 500 East, Suite 300
Salt Lake City, UT 84102
Telephone: (801) 532-1922
Fax: (801) 531-9168
GRBronson@traskbritt.com
JCWatson@traskbritt.com

*Attorneys for Plaintiffs*