Sagy Amit
sagy@redlpr.com
164 J street
Chula Vista, CA 91910
Telephone: 917-667-6616

Pro se Defendant

FILED
2021 DEC 7 PM 3:45
CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| QUEST SOLUTION, INC.; HTS IMAGE PROCESSING, INC.; HTS (USA), INC., <br><br>Plaintiffs, <br><br>v. <br><br>REDLPR, LLC; SAGY AMIT; JEREMY JAMES MC MICHAEL BARKER; RIVERLAND TECHNOLOGIES LLC, <br><br>Defendants. | Case No. 2:19-cv-00437-PMW <br><br>**DEFENDANT AMIT SHORT FORM DISCOVERY MOTION** <br><br>District Judge Clark Waddoups <br><br>Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 37-1(a)(3), Defendant Amit ("AMIT") seeks entry of the accompanying compelling Plaintiff to produce documents responsive to Defendants RFP No. 138.

RFP 138. Seeks documents and communications between all Plaintiffs in this action and Riverland Technologies ("Riverland"), a technology partner and software developer of Defendant RED LPR, LLC. ("RED")

<u>**REQUEST FOR PRODUCTION NO. 138:**</u>

*All agreements between any PLAINTIFFS on the one hand and RIVERLAND on the other hand, dated, entered, negotiated, or transmitted during the time period June 24, 2019, to the present.*

Riverland was joined as a defendant in this action in October 2020 by Plaintiff for the sole purpose of further harassing and delaying this action, and to force additional costs of

19 | litigation on defendants. That calculated strategy was successful in creating a financial struggle
20 | between the partners and owners of RED and Riverland.
21 |     This court scheduled an evidentiary hearing in June 2021 in which defendants Amit and
22 | Barker through their counsel, planned to provide evidence to the frivolous nature of this action.
23 | Before the hearing was to take place, Plaintiff negotiated a settlement agreement with Riverland
24 | that dismissed them from this action, behind their partners (Defendants Amit and Barker) backs.
25 | That settlement agreement and the NDA it forced on Riverland, effectively and tortiously
26 | breached the software development and partnership contract between RED and Riverland.
27 | That was the final blow below the belt, delivered by Plaintiff in this action to forcefully eliminate
28 | the competition, without ever showing single evidence to support its claims in the Original Utah
29 | Complaint.
30 | That final blow resulted RED inability to continue to support the hourly lawyer fees in
31 | supporting itself in this action, and the decision forcing Amit to continue as a Pro Se Defendant.
32 | That settlement agreement and NDA is the final nail, and a proof Defendants require in order to
33 | file a motion for rule 11, showing that this action was initiated for the improper purpose of
34 | retaliation against former employees, without legal merits and using Objectively Specious
35 | claims.
36 | *"Objective speciousness exists where the action superficially appears to have merit but there is a*
37 | *complete lack of evidence to support the claim." FLIR Systems, Inc. v. Parrish, 174 Cal. App.*
38 | *4th 1270 (2009)*
39 |
40 |

-3-

Defendant Amit certify I have conferred with Plaintiff in good faith to obtain production of documents responsive to RFP 138 without court intervention.

Pursuant to Rule 37(a), Defendant Amit seeks entry of the accompanying Order compelling production of such responsive documents, and an award of reasonable expenses, including attorney's fees, incurred in making this motion.

December 7th, 2021

Respectfully Submitted,

Sagy Amit
Pro se Defendant
164 J Street
Chula Vista, CA 91910
917-6676616
Sagy@redlpr.com

**Sagy Amit**

| | |
|---|---|
| **From:** | Sagy Amit |
| **Sent:** | Friday, December 3, 2021 1:56 PM |
| **To:** | ariel.reinitz@fisherbroyles.com; Jacob Ong |
| **Cc:** | JCWatson@traskbritt.com; GRBronson@traskbritt.com; rmark.halligan@fisherbroyles.com; CVDubois@traskbritt.com; cawatters@traskbritt.com |
| **Subject:** | RE: Quest/HTS. v. RedLPR, et al. - RFPs 36, 52 - 2:19-cv-00437-CW-DBP |

Happy Friday Mr. Reinitz,

I am going to repeat my request from November 15th again, for production of documents.

I highlighted my request below.

Thank you and have a good weekend.

Sagy Amit
RED LPR
Cell/SMS: +1-917-667-6616

**From:** Sagy Amit
**Sent:** Monday, November 15, 2021 11:41 AM
**To:** ariel.reinitz@fisherbroyles.com; Jeremy Barker (Jeremy@redlpr.com) <Jeremy@redlpr.com>
**Cc:** JCWatson@traskbritt.com; GRBronson@traskbritt.com; rmark.halligan@fisherbroyles.com; CVDubois@traskbritt.com; cawatters@traskbritt.com
**Subject:** Quest/HTS. v. RedLPR, et al. - RFPs 36, 52 - 2:19-cv-00437-CW-DBP

Dear Mr. Reinitz,

As you are surely aware, Defendants in this case, Mr. Barker and myself will continue Pro Se until we find new representation.

In the meantime, I am going to follow up on a list of items you have failed/refused to produce during discovery thus far.

Please advise ASAP if you intend to produce the below pending items, or should we file motions with the court in order to get your cooperation on these matters:

1

1- A copy of settlement agreement between Riverland Technologies and Plaintiff Quest/HTS removing them from this action
2- A copy of a **signed** NDA between HTS and Hitron (Per Hoffman declaration 116-1 line 65) requested during initial RFP's
3- Any documents referencing SeeFusion/Synergism or confirm you have submitted all documents in existence related to this alleged secret

Thank you in advance for your cooperation!

Sagy Amit
RED LPR
**Cell/SMS: +1-917-667-6616**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| QUEST SOLUTION, INC.;<br>HTS IMAGE PROCESSING, INC.;<br>HTS (USA) INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>REDLPR, LLC;<br>SAGY AMIT;<br>JEREMY BARKER,<br>    Defendants. | Case No. 2:19-cv-00437-CW-DBP |

**PLAINTIFFS' COMBINED RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Quest Solution, Inc., HTS Image Processing, Inc., and HTS (USA) Inc. (collectively, "HTS") pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendant REDLPR, LLC's, Sagy Amit's, and Jeremy Barker's (collectively, "Defendants") Requests for Production of Documents (Set Four) as follows:

**PRELIMINARY STATEMENT**

1. HTS' investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, HTS' right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendant's requests for documents, HTS does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other

proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, HTS makes the responses and objections herein without in any way implying that it considers the requests, and responses to the requests, to be relevant or material to the subject matter of this action.

3. HTS will produce responsive documents only to the extent that such documents are in its possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. HTS' possession, custody, or control does not include any constructive possession that may be conferred by HTS' right or power to compel the production of documents or information from third parties or to request their production from third parties.

4. A response to a document request stating objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that HTS performed any act described in the document request or definitions and/or instructions applicable to the document request, or that HTS acquiesces in the characterization of the conduct or activities contained in the document request, or definitions and/or instructions applicable to the document request.

5. HTS' responses are made based on the information presently available to it and its current belief.  These responses are without prejudice to HTS' right to introduce subsequently discovered evidence and/or documents. HTS expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## **GENERAL OBJECTIONS**

1. HTS objects to each instruction, definition, and document request, to the extent it purports to impose any requirement or discovery obligation greater than or different from those

under the Federal Rules of Civil Procedure and the applicable Rules and Orders of this Court.

   2.  HTS objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

   3.  HTS objects to each document request to the extent it calls for production of a privilege log for its internal documents. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine, and other privileges protecting such internal documents from discovery.

   4.  HTS objects to each instruction, definition, and document request, to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by HTS occur, it is inadvertent and shall not constitute a waiver of any privilege.

   5.  HTS objects to each instruction, definition, and document request as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possessions, or from documents or information that Defendants previously produced to Plaintiff. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Defendants as for HTS. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Defendants to HTS, and all information produced by Plaintiffs to Defendants in response to discovery requests of Defendants. All such documents and information will not be produced.

   6.  To the extent any of Defendants' document requests seek documents or answers that include expert material, HTS objects to any such requests as premature and expressly

reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

7.   HTS incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, HTS does not waive its right to amend its responses.

**REQUEST FOR PRODUCTION NO. 138:**

All agreements between any PLAINTIFFS on the one hand and RIVERLAND on the other hand, dated, entered, negotiated, or transmitted during the time period June 24, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

HTS objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

The requested documents have little if any relevance to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request calls for production of materials that may be subject to one or more non-disclosure or other agreements.

This request also relies on terms including "dated," "entered," and "transmitted," which are not defined in Defendants' Requests for Production of Documents. Depending on the meaning Defendants intend, this request may encompass materials in Defendants' possession

4

such as the "Proprietary Information and Nondisclosure Agreement" between HTS and Riverland which has been "entered" and "transmitted" (as such terms are best understood) during the referenced time period (see, e.g., ECF No. 39-1). As a result, this overbroad request (seeking "*All* agreements") appears to encompass materials equally available to Defendants. It would be unduly burdensome for HTS to collect and produce such documents.

HTS is withholding materials based on these objections and will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 139:**

All drafts of any agreements between any PLAINTIFFS on the one hand and RIVERLAND on the other hand, dated, entered, negotiated, or transmitted during the time period June 24, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

HTS objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

The requested documents have little if any relevance to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the request calls for production of materials that may be subject to one or more non-disclosure or other agreements.

This request also relies on terms including "dated," "entered," and "transmitted," which are not defined in Defendants' Requests for Production of Documents. Depending on the meaning Defendants intend, this request may encompass materials in Defendants' possession such as the "Proprietary Information and Nondisclosure Agreement" between HTS and

5

Riverland which has been "entered" and "transmitted" (as such terms are best understood) during the referenced time period (see, e.g., ECF No. 39-1). As a result, this overbroad request (seeking "*All* drafts of *any* agreements") appears to encompass materials equally available to Defendants. It would be unduly burdensome for HTS to collect and produce such documents.

HTS is withholding materials based on these objections and will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 140:**

All COMMUNICATIONS between any PLAINTIFFS or their counsel on the one hand and Riverland or its counsel on the other hand sent or received during the time period June 24, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

HTS objects to this request as overbroad, unduly burdensome to respond to, and not reasonably calculated to lead to the discovery of admissible evidence.

*First*, Defendants (through their counsel) have been a party to numerous communications that are responsive to this request. Riverland was joined as a defendant in this action in October 2020. Since then, respective counsel for Defendants, HTS, and Riverland have corresponded with one another on a host of issues. Specifically, Defendants' counsel has received (via 'CC' and other means) numerous communications between HTS and Riverland. As a result, this overbroad request (seeking "*All* COMMUNICATIONS") encompasses communications already in Defendants' possession. It would be unduly burdensome for HTS to collect and produce such documents.

*Second*, the requested communications have little if any relevance to any claim or defense

6

in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request calls for production of materials that may be subject to one or more non-disclosure or other agreements.

HTS is withholding materials based on these objections and will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 141:**

All DOCUMENTS transmitted or exchanged between any PLAINTIFFS or their counsel on the one hand and Riverland or its counsel on the other hand during the time period June 24, 2019, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

HTS objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

*First*, Defendants (through their counsel) have been a party to numerous communications that are responsive to this request. Riverland was joined as a defendant in this action in October 2020. Since then, respective counsel for Defendants, HTS, and Riverland have corresponded with one another on a host of issues. Specifically, Defendants' counsel has received (via 'CC' and other means) numerous documents exchanged between HTS and Riverland. As a result, this overbroad request (seeking "*All* DOCUMENTS") encompasses documents already in Defendants' possession. It would be unduly burdensome for HTS to collect and produce such documents.

*Second*, the requested documents have little if any relevance to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

7

Additionally, this request calls for production of materials that may be subject to one or more non-disclosure or other agreements.

*Third*, this request relies on terms including "transmitted" and "exchanged," which are not defined in Defendants' Requests for Production of Documents. Depending on the meaning Defendants intend, this request may encompass materials in Defendants' possession such as the "Proprietary Information and Nondisclosure Agreement" between HTS and Riverland which was "transmitted" and "exchanged" (as such terms are best understood) between HTS and Riverland during the referenced time period (see, e.g., ECF No. 39-1). As a result, this overbroad request (seeking "*All* DOCUMENTS") appears to encompass materials equally available to Defendants. It would be unduly burdensome for HTS to collect and produce such documents.

HTS is withholding materials based on these objections and will not produce any documents in response to this request.

August 27, 2021

*/s/ Ariel Reinitz*
Ariel Reinitz
FISHERBROYLES, LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
(646)494-6909
Ariel.Reinitz@FisherBroyles.com
*Attorneys for Plaintiffs*
HTS

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, I served by electronic mail a true and correct copy of the foregoing responses and objections to Defendants' Requests for Production of Documents (Set Four) upon counsel for all parties.

>*/s/ Ariel Reinitz*
>Ariel Reinitz

# SIMMONS DALLAS, PLLC

Jackson Office:

240 Trace Colony Park Drive
Suite 200
Ridgeland, MS 39157
Tel. (601) 933-2040
Fax (601) 933-2050



## ATTORNEYS AT LAW

Michael T. Jaques
Direct Dial: 601.933.2057
E-mail: mailto:mjaques@sessumsdallas.com

June 17, 2021

Mr. Sagy Amit
Managing Member
REDLPR, LLC
164 J Street
Chula Vista, California 92614

via electronic mail to sagy@redlpr.com,
and by regular mail

Re: *Joe Payne, Rafael Valdepena, and Robert Byerly -*
*Offer of sale of Membership Interest in RedLPR, LLC*

Dear Mr. Amit:

I represent Joe Payne, Rafael Valdepena, and Robert Byerly, who all currently own membership interest in RedLPR, LLC. They desire to transfer and convey their membership interest (13%, 13%, and 14%, respectively) in RedLPR, LLC, and have authorized me to make the following offer of sale on their behalf. Pursuant to Section VII ("Transfer of Interest") of the RedLPR, LLC Operating Agreement, specifically, Section 1.071.31 ("Voluntary Transfer to the Company"), they hereby offer to sell the entirety of their membership interest to RedLPR, LLC ("the Company") for the following price. The offer is based on a calculation of the present value of a 20 year income stream (net profits) projected at $100,000.00 per year, using a 3% discount rate, allocated to their percentage membership interest held.

| | |
|---|---|
| Joe Payne (13%) | $193,407.17 |
| Rafael Valdepena (13%) | $193,407.17 |
| Robert Byerly (14%) | $208,284.64 |

Mr. Sagy Amit
June 17, 2021
Page 2

Please let me know whether the Company accepts the offer.

Sincerely,

Michael T. Jaques

cc:    Joe Payne (via email)
       Rafael Valdepena (via email)
       Robert Byerly (via email)
       Jeremy Barker (via email)