IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| QUEST SOLUTION, INC.; HTS IMAGE PROCESSING, INC.; HTS (USA) INC., <br><br>Plaintiffs, <br><br>v. <br><br>REDLPR, LLC; SAGY AMIT; JEREMY BARKER; RIVERLAND TECHNOLOGIES LLC, <br><br>Defendants | MEMORANDUM DECISION AND ORDER <br><br>Case No. 2:19-cv-437-CW-DBP <br><br>Judge Clark Waddoups |

The court held a hearing in this matter on April 20 and 21, 2022 ("April Hearing"). At the conclusion of the hearing, dates were set for additional briefing. This Order is to clarify the issues for briefing and to modify due dates and procedures. Additionally, the court corrects a deficiency in its ruling on the First Motion for Summary Judgment for purposes of clarifying the issues that remain on the State law claims. It also directs supplementation of the record as set forth below.

I.   **FIRST MOTION FOR SUMMARY JUDGMENT**

Prior to the April Hearing, the court informed the parties that it was necessary to reopen the First Motion for Summary Judgment and corresponding memorandum decision. Docket Text Order (ECF No. 245). The purpose is to re-address the State law claims (Counts III through VII) on several grounds. One ground pertains to trade secret preemption.

In their First Motion for Summary Judgment, Defendants moved to dismiss Counts III through VI[1] to the extent those claims were premised on allegations supporting misappropriation of trade secrets.[2] *See* Mem. in Supp., at 37–45 (ECF No. 49, 50-1).[3] The Utah Uniform Trade Secrets Act ("UTSA") has a preemption provision "to preserve a single tort action under state law for misappropriation of a trade secret." *CDC Restoration & Const., LC v. Tradesmen Contractors, LLC*, 2012 UT App 60, ¶ 48, 274 P.3d 317, 331 (quotations and citation omitted). Preemption applies "to the extent that [a claim] is based on factual allegations supporting a misappropriation of trade secrets or otherwise confidential information." *Id.* This means "if proof of a [non-trade secret] claim would also simultaneously establish a claim for misappropriation of trade secrets, it is preempted irrespective of whatever surplus elements of proof were necessary to establish it." *Id.* (quotations, citation, and alteration omitted). When a claim, however, "is based upon wrongful conduct independent of the misappropriation of trade secrets or otherwise confidential information, it is not preempted." *Id.* (quotations and citation omitted).

In response to Defendants' argument, Plaintiffs did not attempt to show that Counts III through VI were not preempted by the UTSA. Instead, Plaintiffs merely asserted that "Defendants misstate[d] the substance" of Counts III through VI because they "explicitly encompass[] non-trade secret subject matter," such as disparagement and use of marketing materials. Mem. in Opp'n, at 35–40 (ECF No. 73). Because Plaintiffs failed to show a material issue of fact exists on

---

[1] Plaintiffs did not move to dismiss Count VII on trade secret preemption grounds.

[2] The Act is codified at Utah Code Ann. §§ 13-24-1 *et seq*.

[3] When the court cites a page in the record, it refers to the ECF pagination at the top of the page and not the pagination at the bottom of the page.

the issue of trade secret preemption, the court hereby DISMISSES Counts III through VI to the extent they rely upon trade secret misappropriation.

To the extent Counts III through VI assert conduct independent of trade secret misappropriation, those claims remain at issue as discussed further below.

II.     ADDITIONAL BRIEFING

   A.     **Copyright Preemption**

While working at HTS (USA) Inc., defendant Sagy Amit developed marketing materials for the company. Subsequently, he used similar marketing materials to promote REDLPR's products. In their opposition brief to the First Motion for Summary Judgment, Plaintiffs asserted that Defendants appear to have "copied almost *word-for-word* from [an] HTS Presentation." Mem. in Opp'n, at 36, 39 (ECF No. 73). Plaintiffs also claim they have valuable property rights outside of their trade secrets. *Id.* at 40.

In their opposition brief to the Second Motion for Summary Judgment, Plaintiffs assert that Defendants used certain other HTS documents when developing REDLPR's products. In particular, Plaintiffs assert that Defendants used a User Manual that is self-described as copyrighted, and a training kit. Second Mem. in Opp'n, at 15 (ECF No. 209); *see also* Training Kit (ECF No. 241-2) and User Manual, at 2 (ECF No. 241-4).

On April 18, 2022, the court asked the parties to be prepared to address whether any of the State law claims were preempted by copyright preemption law. Docket Text Order (ECF No. 245). At the hearing on April 21, 2022, Plaintiffs responded that they had not asserted a copyright claim, nor claimed distribution or reproduction, so copyright preemption was not applicable.

3

Plaintiffs asked, however, for an opportunity to brief the issue. The court granted the request for additional briefing.

The Copyright Act preempts state law claims that have equivalent "legal or equitable rights . . . to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (citations omitted). Because of the Act's preclusive effect, a party cannot avoid preemption simply by not pleading a copyright violation. The court therefore directs Plaintiffs to address which, if any, of their State law claims are not barred by the Copyright Act.

To the extent Plaintiffs are not claiming copyright protection for their marketing materials or training kit, the court directs Plaintiffs to identify under what property right they are seeking protection of such materials, and how Defendants violated that property right.

**B.     Item 1**

As to Item 1 in Docket Text Order (ECF No. 245), upon reconsideration of Plaintiffs' opposition to the First Motion for Summary Judgment, Plaintiffs' responses contain conclusory assertions that fail to place material issues of fact in dispute. At the time, Plaintiffs asserted they could not come forward with evidence because they had not received some discovery responses from Defendants. Plaintiffs' Amended Complaint largely asserts factual allegations based on knowledge rather than "information and belief." When a party makes such assertions, the party should have evidence, rather than conclusory statements, to support them.

Now that fact discovery is closed, the court directs Plaintiffs to supplement their opposition and identify what material issues of fact, if any, exist for Counts III through VII.

### C.     Item 3

Plaintiffs cancelled the TriNet contract in March 2018.  Plaintiffs also breached Mr. Amit's 2016 employment agreement, at a minimum, by failing to pay commissions timely to Mr. Amit.  There is evidence that Plaintiffs also breached Mr. Barker's 2013 employment agreement.  Despite *Plaintiffs'* cancellation of the TriNet contract months before Mr. Amit and Mr. Barker left HTS—versus the employees terminating TriNet benefits upon resigning—and Plaintiffs' breach of employment contract(s), Plaintiffs continue to rely upon the contracts to assert claims against Defendants.  Plaintiffs shall brief Item 3 of Docket Text Order (ECF No. 245) as to which State law claims are not barred by the first to breach or the economic loss rule.

### IV.     SUPPLEMENTATION OF RECORD

On several occasions, Plaintiffs have cited an email that contains attachments and rely upon the attachments, even though Plaintiffs did not provide the attachments to the court.  Plaintiffs also have cited slide excerpts, without producing the document from which the slides were derived or the context for the slides.  At the April Hearing, Plaintiffs stated they could produce the underlying documents.  On or before **May 6, 2022**, the court directs Plaintiffs to supplement the record with the underlying documents on which they rely.

On April 13, 2022, Mr. Amit sent the court exhibits to lodge on the docket[4] in preparation for a scheduled evidentiary hearing.  Typically, exhibits for an evidentiary hearing are not docketed by this court until admitted as evidence.  Accordingly, the court informed Mr. Amit that the exhibits would not be docketed at that time.  Subsequently, the court postponed the evidentiary

---

[4] Local court rules preclude electronic filing by *pro se* defendants.  Because Mr. Amit is a *pro se* defendant, he has to send documents via email or hardcopy to the court for docketing.

hearing. During the April 20th hearing, Mr. Amit referenced some of the exhibits in his argument. In other words, the exhibits were relevant not just for the evidentiary hearing, but also for the April 20th hearing. To avoid prejudice arising from this court's procedures, the court directs the Clerk's Office to docket the exhibits as lodged effective April 13, 2022.

V.     **BRIEFING SCHEDULE**

    A.    For the briefing stated in Docket Text Order (ECF No. 245), the following schedule shall apply:

        1.    Plaintiffs shall file an opening brief on or before May 6, 2022.

        2.    Defendants shall file an opposition brief on or before May 20, 2022.

        3.    Plaintiffs shall file a reply brief, if any, on or before May 27, 2022.

    B.    For briefing on the Motion for Rule 11 Sanctions (ECF No. 243), the following schedule shall apply:

        1.    Plaintiffs shall file an opposition brief on or before May 6, 2022.

        2.    Defendants shall file a reply brief, if any, on or before May 20, 2022.

## **CONCLUSION**

For the reasons stated above, the court dismisses Counts III and VI to the extent they are based on factual allegations supporting a misappropriation of trade secrets or otherwise confidential information. Additionally, the court directs the following:

    1.    The Clerk's Office shall lodge the exhibits Mr. Amit submitted on April 13, 2022, with an effective date of April 13, 2022;

2.       On or before May 6, 2022, Plaintiffs shall supplement the record with the underlying documents on which they rely in their Trade Secret designation (ECF No. 116) and their opposition to the pending Motion for Summary Judgment and Motions to Dismiss;

3.       The briefing schedules set forth above supersede prior dates that were set and shall govern the parties' briefing.

DATED this 25th day of April, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Judge