IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| QUEST SOLUTION, INC.; HTS IMAGE PROCESSING, INC.; HTS (USA) INC.,<br><br>Plaintiffs,<br><br>v.<br><br>REDLPR, LLC; SAGY AMIT; JEREMY BARKER; RIVERLAND TECHNOLOGIES LLC,<br><br>Defendants | **MEMORANDUM DECISION AND ORDER RE: MOTIONS TO UNSEAL AND OTHER ITEMS**<br><br>Case No. 2:19-cv-437-CW-DBP<br><br>Judge Clark Waddoups |

This matter is before the court on several motions filed by Defendant Sagy Amit, as well as additional correspondence from Amit. The motions and correspondence are addressed below.

**I.   MOTIONS TO UNSEAL (ECF Nos. 151, 298)**

   **A.   Prior Background and Amit's Contentions**

On April 28, 2021, the court issued a Memorandum Decision wherein it noted that the defendants had filed multiple exhibits under seal when they filed their first motion for summary judgment and had moved for Plaintiffs "to show why the information should be sealed." Mem. Dec., at 10 (ECF No. 112).[1] Plaintiffs responded and "moved to retain the seal only on a portion of what the defendants had redacted." *Id.* In deciding the issue, the court noted that "[c]onfidential

---

[1] When the court cites to a page in the record, it refers to the ECF pagination at the top of the page rather than pagination found elsewhere on the document.

documents fall under a broader umbrella than trade secret documents," and that "Local Rule 5.3 allows confidential documents to be sealed *even if they are not a trade secret*." *Id.* at 11 (emphasis added). After reviewing "the parties' arguments and filings, the court" found that Plaintiffs had properly limited their "designations of what should be sealed." *Id.* at 12. The court set forth a limited number of documents that should retain their seal and ordered the majority of documents to be unsealed. *Id.* at 12–13.

Subsequent to the court's decision, Amit became a *pro se* defendant. Amit contends all documents in the case should be unsealed due to the challenges presented by sealed documents. Mot. to Unseal, at 2 (ECF No. 151). He further contends that Plaintiffs selectively seal documents to conceal their alleged misconduct. *Id.* Additionally, Amit asserts that Plaintiffs have been perpetuating a fraud on the public by their actions, and the documents need to be unsealed to expose their fraud. Second Mot. to Unseal, 4–5 (ECF No. 298).

Plaintiffs responded to Amit's first motion to unseal by incorporating their prior arguments on the issue. Memo. in Opp'n to Unseal, at 2 (ECF No. 152) (incorporating ECF Nos. 57, 76, 91, 93, and 102).[2] Plaintiffs responded to Amit's second motion to unseal the full docket by noting "[t]he Court effectively denied" Amit's first motion to unseal when the court reiterated in an order "'that documents previously designated as confidential by the court . . . shall retain that status unless the court orders otherwise.'" Memo. in Opp'n to Unseal, at 4 (ECF No. 300) (quoting Order, ¶ 6 (ECF No. 199)). While it is correct that the court issued that admonishment, in the same

---

[2] In Plaintiffs' prior arguments, they asserted the defendants had confidentiality obligations and that trade secrets were at issue. Although the court did not address until later whether the documents constituted trade secrets, it did conclude the documents contained sensitive business information that should be sealed.

2

order, the court also stated it would address at a later time "whether some or all of the sealed documents in this case should be unsealed." Order, ¶ 7 (ECF No. 199). Thus, the admonishment did not preclude consideration of Amit's motions to unseal.

Plaintiffs also asserted, however, that only a small set of documents remain sealed in this case, and that Plaintiffs have not sought to seal the majority of documents, even if some of the documents cast Plaintiffs in a negative light. Memo. in Opp'n to Unseal, at 4–5 (ECF No. 300). Those assertions are largely correct.

Plaintiffs further assert that Amit has failed to articulate the public good that will come from unsealing the documents. Amit has asserted that Plaintiffs are engaging in a fraud on the public through a publicly traded company, and he has provided information that calls into question the ethics and activities of certain officers or directors. *See e.g.*, Second Mot. to Unseal (ECF No. 298); Notice of Supp. Evid. (ECF No. 320). This case, however, is not about whether OMNIQ is committing fraud on the public. Moreover, the documentation Amit provided about the ethics and activities of certain officers is not under seal, and therefore, the public already has that information. Accordingly, the court is not persuaded by Amit's arguments.

B. **Reasons to Unseal or Retain Seal**

"Once a court orders documents before it sealed, the court continues to have authority to enforce its order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents."[3] *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir.

---

[3] In a prior order, the court stated it would address at an evidentiary hearing whether the documents should remain sealed. Order, ¶ 7 (ECF No. 199). Since that time, however, the court has issued a memorandum decision that extensively reviewed Plaintiffs' filings. Having done so, the court concludes an evidentiary hearing is not necessary to determine whether the present documents should be unsealed.

2013) (citations omitted). The Tenth Circuit has "long recognized a common-law right of access to judicial records," and "a strong presumption in favor of public access." *N.M. Oncology & Hematology Consultants, LTD. v. Presbyterian Healthcare Servs.*, Nos. 19-2210, 20-2024, 2021 U.S. App. LEXIS 11299, at *3 (10th Cir. Apr. 5, 2021) (quotations and citations omitted). "Consistent with this presumption," the Tenth Circuit has held that "the party seeking to keep records sealed bears the burden of justifying that secrecy, even where, as here, the district court already previously determined that those documents should be sealed." *Pickard*, 733 F.3d at 1302 (citations omitted).

As documents age, information within the document can become stale, such that "their sensitivity as business information does not outweigh the strong presumption in favor of public access." *N.M. Oncology & Hematology Consultants, LTD.*, 2021 U.S. App. LEXIS 11299, at *4 (citing *Pickard*, 733 F.3d at 1302). The court also notes that when a district court has published a decision that discusses certain facts, "the information at issue is already accessible to the public." *Id.* at *4 (citations omitted). Nevertheless, simply because "some aspects" of a document "have been referred to by [a] court," it does not mean "that all of the information contained in the documents has been revealed." *Pickard*, 733 F.3d at 1305. The Tenth Circuit recognizes that a court may continue to "keep under seal sensitive confidential revenue and profitability information, as well as strategic business and marketing information." *N.M. Oncology & Hematology Consultants, LTD.*, 2021 U.S. App. LEXIS 11299, at *3 (quotations and citation omitted).

In this case, most of the sealed documents are five years old or older. Information that was sensitive has become less so as new revenue, profitability information, and business plans have replaced older information. Additionally, in the court's August 3, 2023 Memorandum Decision,

4

it quoted select parts of certain documents, such that the information is now accessible by the public. In light of these factors and the strong presumption in favor of access, the court concludes it is appropriate to unseal additional documents. Where a document continues to contain information about potential future projects or about sensitive processes, business, or medical information, however, the court concludes the seal should remain. The court also concludes that certain documents core[4] to Plaintiffs' trade secret claims should remain under seal until Plaintiffs' appeal rights lapse or upon an order from the court. The following designates which items should remain sealed and which should be unsealed:

| Main Docket Number (Column 1) | Unseal (Column 2) | Retain Seal (Column 3) | Notations (Column 4) |
|---|---|---|---|
| ECF No. 50 | ECF No. 50-25[5]<br>ECF No. 50-39[6] | ECF No. 50-13[7]<br>ECF No. 50-23[8]<br>ECF No. 50-28[9] | Other than ECF Nos. 50-13, 50-23, and 50-28, the motion and exhibits thereto are now unsealed per this |

---

[4] The seal is not being maintained on every document Plaintiffs have claimed as a trade secret, particularly when the document was shared with a customer, or a version was filed unsealed elsewhere on the docket.

[5] The document also is found at ECF No. 92-2.

[6] The document also is found at ECF No. 58-6.

[7] ECF No. 50-13 is a sales pipeline. The court is unsealing sales pipelines from earlier years because they are stale, but it is retaining the seal on the 2018 versions due to Plaintiffs' trade secret allegations.

[8] The document also is found at ECF Nos. 91-1 and 92-1. Although ECF Nos. 50-23 and 92-1 are being maintained under seal, because ECF No. 91-1 has limited redactions, the document is largely available to the public through ECF No. 91-1.

[9] The document also is found at ECF Nos. 91-3 and 92-3. Although ECF Nos. 50-28 and 92-3 are being maintained under seal, because ECF No. 91-3 has limited redactions, the document is largely available to the public through ECF No. 91-3.

| Main Docket Number (Column 1) | Unseal (Column 2) | Retain Seal (Column 3) | Notations (Column 4) |
|---|---|---|---|
| | | | decision and ECF No. 112. |
| ECF No. 58 | ECF No. 58-6<br>ECF No. 58-7[10] | | ECF No. 58 and all exhibits thereto are now unsealed per this decision and ECF No. 112. |
| ECF No. 75 | ECF No. 75<br>ECF No. 75-1<br>ECF No. 75-4<br>ECF No. 75-5<br>ECF No. 75-8 | ECF No. 75-2[11]<br>ECF No. 75-3[12]<br>ECF No. 75-6<br>ECF No. 75-7[13] | As ordered below, the court is unsealing a portion of ECF No. 75-2. |
| ECF No. 92 | ECF No. 92-2 | ECF No. 92-1<br>ECF No. 92-3 | |
| ECF No. 99 | ECF No. 99-3[14] | ECF No. 99[15]<br>ECF No. 99-1[16]<br>ECF No. 99-2[17] | As ordered below, the court is unsealing a portion of ECF No. 99-2. |

---

[10]   The document also is found at ECF No. 75-1.

[11]   The document also is found at ECF Nos. 148-1 and 268-2.

[12]   The document also is found at ECF Nos. 148-3 and 268-4.

[13]   An expanded version of the document is found at ECF No. 116-3.

[14]   The document also is found at ECF No. 103-6.

[15]   A redacted version of the document is found at ECF No. 96.

[16]   A redacted version of the document is found at ECF No. 96-1.

[17]   The document also is found at ECF Nos. 103-5, 148-2, and 268-1.

| Main Docket Number (Column 1) | Unseal (Column 2) | Retain Seal (Column 3) | Notations (Column 4) |
|---|---|---|---|
| ECF No. 103 | ECF No. 103-1<br>ECF No. 103-3<br>ECF No. 103-6 | ECF No. 103-4[18]<br>ECF No. 103-5 | ECF Nos. 103, 103-2, and 103-7 were unsealed previously by ECF No. 112. |
| ECF No. 116 | | ECF No. 116<br>ECF No. 116-1<br>ECF No. 116-2<br>ECF No. 116-3<br>ECF No. 116-4[19] | |
| ECF No. 148 | | ECF No. 148-1<br>ECF No. 148-2<br>ECF No. 148-3 | The Motion to Dismiss (ECF No. 148) is not under seal, and part of ECF Nos. 148-1 and 148-2 are being unsealed as ordered below. |
| ECF No. 162 | | ECF No. 162<br>ECF No. 162-1 | |
| ECF No. 166 | | ECF No. 166-27 | |
| ECF No. 181 | | ECF No. 181<br>ECF No. 181-1<br>ECF No. 181-2<br>ECF No. 181-3<br>ECF No. 181-4<br>ECF No. 181-5 | The main document and exhibits are largely unsealed via ECF No. 184 and are available to the public through that docket entry and exhibits thereto. |

---

[18] The document also is found at ECF No. 102-4. Because ECF No. 102-4 has limited redactions, the document is largely available to the public.

[19] A similar version of the document also is found at ECF No. 166-27.

| Main Docket Number (Column 1) | Unseal (Column 2) | Retain Seal (Column 3) | Notations (Column 4) |
|---|---|---|---|
| ECF No. 183 | ECF No. 183-1[20] | ECF No. 183-3[21] | As ordered below, Plaintiffs shall file a redacted version of ECF No. 183-3. |
| ECF No. 200 | ECF No. 200-1 | ECF No. 200[22] ECF No. 200-2 | |
| ECF No. 201 | | ECF No. 201 | |
| ECF No. 231 | | ECF No. 231 | |
| ECF No. 242 | ECF No. 242 ECF No. 242-1 | | |
| ECF No. 254 | | ECF No. 254-2 | |
| ECF No. 268 | ECF No. 268 | ECF No. 268-1 ECF No. 268-2 ECF No. 268-3 ECF No. 268-4 | As ordered below, Plaintiffs shall file a redacted version of ECF No. 268-3. |
| ECF Nos. 273 and 274 | | ECF Nos. 273, 274 | |
| ECF No. 287 | | ECF No. 287 | As ordered below, Plaintiffs shall file a redacted version of ECF No. 287. |
| ECF No. 290 | | ECF No. 290 | |
| ECF No. 293 | | ECF No. 293 | |
| ECF No. 305 | ECF No. 305 | | |

---

[20] The document also is found at ECF No. 200-1, without redactions. Because ECF No. 200-1 is being unsealed, based on stale information, ECF No. 183-1 is available to the public through ECF No. 200-1.

[21] The document also is found at ECF No. 200-2.

[22] The document is sealed because it contains certain links to sealed documents. The document also is found at ECF No. 183, which entry is not under seal because the problematic links are not functional in that version of the document. Accordingly, ECF No. 200 is largely available to the public through ECF No. 183.

### C.  Limiting Redactions and Seal

When documents contain confidential information, the Tenth Circuit also has directed that one should "consider whether selectively redacting . . . still sensitive, and previously undisclosed, information" is possible, while "unsealing the rest of the" document. *Pickard*, 733 F.3d at 1304 (citations omitted). Having considered the documents at issue, the court concludes some redactions and seals should be further limited.

Plaintiffs' Roadmap contains no confidential information on pages 1–3, 13, 17, 24, and 26, which pages are publicly available through ECF No. 73-6. The diagrams on pages 4 and 5 of the Roadmap are the same as those depicted on pages 22 and 25 of ECF No. 50-5. The latter document is unsealed, which means that information in the Roadmap already is available publicly. Page 6 of the Roadmap contains a diagram similar in nature to those found on pages 4 and 5. Accordingly, Plaintiffs shall file a modified version of the document so that it contains no redactions for pages 1 through 6, 13, 17, 24, and 26. The remaining pages shall continue to have the same redactions as ECF No. 73-6, so that information remains sealed. Because the Roadmap is found at ECF Nos. 75-2, 148-1, and 268-2, the new filing effectively will unseal, in part, each of those entries.

Plaintiffs' 2018 State of the Union contains some information that is now stale, or that is otherwise available in the record. Accordingly, Plaintiffs also shall file a modified version of the document that contains no redactions for pages 1 through 7 and pages 22 through 24. Pages 8 through 21 shall continue to have the same redactions as ECF No. 102-5, so that information remains sealed. Because the 2018 State of the Union is found at ECF Nos. 99-2, 103-5, 148-2, and 268-1, the new filing effectively will unseal, in part, each of those entries.

As for ECF No. 183-3, Plaintiffs shall file a redacted version of the document (or point to where a redacted version is in the record).

Finally, for ECF Nos. 268-3 and 287, those documents were filed wholly under seal, with no corresponding redacted version apparent on the record. To the extent Plaintiffs wish to maintain the seal on part of those documents, Plaintiffs shall file proposed redactions to them (or point to where redacted versions are in the record). Otherwise, the court will direct that those entries be unsealed.

D.   **Amit's Use of Sealed Documents**

On December 21, 2023, Amit sent correspondence to the court (ECF No. 318-2). Attached to the correspondence was a declaration that Amit filed on November 22, 2023 in a California court (ECF No. 318-1). Page 2 of the declaration contains a graph that is part of a sealed document.[23] The court quoted portions of the graph in its August 3, 2023 Memorandum Decision. *See* Mem. Dec., at 12 (ECF No. 310). Amit was free to quote from the public decision, but he was not free to include information beyond what the court quoted or to include the graph itself in his filings. As noted above, the court is ordering a portion of the document to be unsealed, including that portion of the document containing the graph. Nevertheless, at the time Amit filed the graph in California and when he submitted it to this court, he did so without authorization and contrary to a court order.

This is not the first time Amit has filed a sealed document publicly. *See* Motion for Leave to Seal (ECF No. 149) (requesting that Amit's January 4, 2022 filing be sealed because the court had previously ordered the exhibits to be sealed); Order (ECF No. 150) (granting motion based on prior court order, including sealing again the document containing the graph now at issue). After Amit threatened to publish sealed information on social media, Email, at 3 (ECF No. 184-8), the

---

[23] The document is the 2018 State of the Union presentation discussed in Paragraph I.C. above.

court admonished that, absent a court order, a document must retain its sealed status. Order, ¶ 6 (ECF No. 199). The court instructed, "[w]hen parties reference those documents in briefing . . . they must redact the confidential information and file an unredacted copy under seal." *Id.*

Based on the above, the court orders Amit to show cause why he should not be sanctioned for violating multiple court orders.

## II. MOTION TO PIERCE CORPORATE VEIL; MOTION TO FILE A SURREPLY (ECF Nos. 298, 306)

"Under Utah law, a corporation is generally regarded as a legal entity, separate and apart from its stockholders." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, No. 2:11-cv-00496, 2023 U.S. Dist. LEXIS 98767, at *10 (D. Utah June 5, 2023) (quotations omitted) (citing *The Lodges at Bear Hollow Condominium Homeowners Ass'n Inc. v. Bear Hollow Restoration, LLC*, 2015 UT App 6, ¶ 13, 344 P.3d 145, 149–50). The separation "insulate[s] the stockholders from the liability of the corporation, thus limiting their liability only to the amount that the stockholders voluntarily put at risk." *Id.* (quotations and citation omitted). "Alter-ego liability is an exception to this general rule. Piercing the corporate veil to hold shareholders or members liable for company debts is an extraordinary request that will only be granted reluctantly and cautiously by courts, and only under limited appropriate circumstances." *Id.* (quotations omitted) (citing *Salt Lake City Corp. v. James Constructors, Inc.*, 761 P.2d 42, 46 (Utah Ct. App. 1988)).

Importantly, "[a]n alter ego claim is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural, i.e. to disregard the corporate entity as a distinct [party] and to hold the alter ego individuals liable on the obligations of the corporation." *Bushnell v. Barker*, 2012 UT 20, ¶ 13, 274 P.3d 968, 971 (quotations and citations omitted).

At this time, the court has not determined whether Plaintiffs will be sanctioned, and if so, what those sanctions may entail. The court's August 3, 2023 Memorandum Decision included details about Plaintiffs' conduct in this case, but due to the seriousness of sanctions, a separate analysis still must be done to determine if sanctions are appropriate, and if so, what they should be. The court's Notice of Hearing to Show Cause (ECF No. 272) was not a determination. It only provided notice about topics and items to be addressed at a show cause hearing.[24] Thus, at best, Mr. Amit's request to pierce the corporate veil, to access monetary resources, is premature and denied without prejudice.

### III.    MOTION FOR SANCTIONS

Amit, through correspondence and a request to submit the issue, has requested the court issue a ruling on his Motion for Rule 11 Sanctions. An Advisory Committee Note to Rule 11 states:

> The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of *pleadings* the sanctions issue under Rule 11 *normally will be determined at the end of the litigation*, and in the case of motions at the time when the motion is decided or shortly thereafter.

Fed. R. Civ. P. 11 advisory committee note to 1983 amendments (emphasis added). Another note also recognizes a "court may defer its ruling (or its decision as to the identity of the persons to be sanctioned) until final resolution of the case." Fed. R. Civ. P. 11 advisory committee note to 1993 amendments.

---

[24] Plaintiffs filed a comprehensive response to the court's show cause notice that challenges some of the court's understanding about documents and events. *See* Plaintiffs' Submission in Response to the Court's Notice (ECF No. 290). When considering Amit's motion for sanctions, the court also must consider Plaintiffs' challenges and any impact on the issue of sanctions.

In this case, Amit's Rule 11 sanctions request pertains to pleadings. Although the court has dismissed Plaintiffs' trade secret claims, the court has not addressed Plaintiffs' state law claims yet. Additionally, other conduct by Plaintiffs and their counsel has been raised. How that conduct should be addressed remains at issue. Due to the case's complexity and the issues that remain open, the court has concluded it will not address the issue of sanctions until the end of litigation due to the complexity of the case.

That said, the court does inform Amit that the scope of relief he has requested in his Rule 11 motion exceeds the authority of the court to grant. *See* Mot. for Rule 11 Sanctions, at 27–28 (ECF No. 243) (listing relief Amit is seeking). None of the defendants filed counterclaims against Plaintiffs; meaning there is no cause of action pending against Plaintiffs in this lawsuit. A sanctions motion cannot act a substitute for a cause of action. Consequently, the court has no authority to redress financial harm to RedLPR resulting from Plaintiffs' alleged actions. Nor does it have authority to compensate Amit or Barker for any reputational harm or business losses.

In the court's Notice of Hearing to Show Cause Why Sanctions Should Not Be Imposed, the court listed the following four potential sanctions:

1. Dismissal of the action;

2. Imposition of (causally connected) attorney fees and costs on HTS and/or Plaintiffs' law firm;

3. Requiring HTS to publish a letter to the same people to whom HTS sent its Alert Letter, which letter shall inform such people that the court has concluded HTS' claims in the Alert Letter were without foundation, and that the court has dismissed HTS' actions in total; and

4. Releasing the Riverland Settlement Agreement to Defendants [which Defendants may use in any subsequent proceedings against Riverland or Plaintiffs or both if Defendants determine they have claims against them].

13

Notice of Hearing to Show Cause Why Sanctions Should Not Be Imposed, at 24–25 (ECF No. 272). The court already has dismissed Plaintiffs' trade secret claims on the merits versus as a sanction. Additionally, because the court extensively addressed and quoted the Riverland Settlement Agreement in the court's August 3, 2023 Memorandum Decision, and that decision is unsealed, the court has concluded above that it is appropriate to unseal the Riverland Settlement Agreement (ECF No. 242).[25] Hence, some of the potential sanctions are modified or moot because of how matters have been decided on other grounds.

### IV.  PRESENT POSTURE OF CASE AND REQUESTS FOR UPDATES

#### A.  Appeal Following Final Judgment

Amit has stated he believes Plaintiffs' time to appeal "has now officially elapsed," per 28 U.S.C. § 2107. Correspondence, at 1 (ECF No. 318-2). That statute does address the deadline for filing an appeal following final judgment. A final judgment, however, has not been entered in this case. Rule 54 of the Federal Rules of Civil Procedure states when an "order or other decision . . . adjudicates fewer than all the claims," the order "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b).

As stated above, Plaintiffs' state law claims remain pending. Thus, the court's ruling on Plaintiffs' trade secret claims did not adjudicate all the claims, and a final order has not been entered from which an appeal may be taken. It is the court's practice to issue a "Judgment" as a stand-alone entry on the docket once all claims have been addressed. That "Judgment" will signal the end of the case from which the time for filing an appeal will commence running.

---

[25] Although the court is unsealing the Riverland Settlement Agreement, it takes no position on whether Defendants have claims against Riverland or Plaintiffs or both based on the agreement. That is a determination Defendants must make.

### B.     Requests for Updates

Because of the length of time this case has been pending, and the harm Amit asserts he has suffered due to Plaintiffs' suit, Amit has requested updates multiple times about when the court will rule on a matter. Amit asserts he and Barker had to close their business as a result of Plaintiffs' actions, and that it is difficult for him to obtain employment while this case remains pending. Email, at 1 (ECF No. 305). The court recognizes that awaiting a decision or resolution of a case is a cause for stress and frustration, and the court attempts to render its decision as soon as possible while balancing pressing issues in other cases. Additionally, criminal matters constitutionally take priority over civil matters, which also has impacted resolution of this case.

At this time, the court cannot provide a timeframe for its decision on the state law claims and whether sanctions will be imposed, other than to say it will be several more months before it can turn back to this matter due to other cases and issues it must address. The court further advises Amit that it will not respond to further requests for updates on the issues that remain.

### C.     Amit's Filings

In Plaintiffs' opposition to Amit's Motion to Pierce the Corporate Veil, Plaintiffs asserted, "were any member of the bar to present the inflammatory, irrelevant, and fallacious content contained in Mr. Amit's Motion," then "a motion to strike and for sanctions would be warranted." Memo. in Opp'n to Mot. to Pierce Veil, at 4 (ECF No. 300). Although Plaintiffs' alleged conduct is cause for concern, the court concurs that for some time now, Amit's filings have been strident, aggressive, and emotionally charged. The manner of attack is not helpful to resolution of the legal issues before the court. Although Amit is a *pro se* defendant, and has alleged great harm, the court admonishes that he is still under an obligation to exercise restraint in his filings.

Moreover, while Amit has been working to expose corruption that he perceives Plaintiffs have been or are engaged in, as stated above, Defendants did not file any counterclaims in this case. Nor does this case involve a shareholders' suit against OMNIQ. Thus, whatever claims Defendants may have against Plaintiffs, or that shareholders may have against OMNIQ, this case is not the proper forum to raise those claims.

### CONCLUSION and ORDER

For the reasons stated above, the court hereby:

1. Grants in part and denies in part Amit's motions to unseal the docket (ECF Nos. 151, 298).

   A. The court directs the Clerk's Office to unseal the documents listed in Column 2 of the Chart on pages 5 through 8 of this decision;

   B. The documents listed in Column 3 of the Chart shall remain sealed at this time.

2. Denies without prejudice Amit's Motion to Pierce the Corporate Veil (ECF No. 298).

3. Denies as moot Amit's Motion for Leave to File Addendum to Motion to Pierce Corporate Veil (ECF No. 306).

4. **On or before February 27, 2024**, Plaintiffs shall file a modified version of ECF Nos. 75-2 and 99-2 as directed in Paragraph I.C. above.

5. **On or before February 27, 2024**, Plaintiff shall file a redacted version of ECF No. 183-3, or point to where a redacted version is in the record.

6. **On or before February 27, 2024**, Plaintiffs shall:

    A. Propose redacted versions of ECF Nos. 268-3 and 287 (or point to where redacted versions are in the record). If Plaintiffs propose redactions, they must not conflict with Memorandum Decisions (ECF Nos. 112, 310, and this decision) and what is unsealed in the record.

    B. Alternatively, Plaintiffs may notify the court that one or both documents should be unsealed in their entirety.

7. **On or before February 27, 2024**, Amit shall show cause why he should not be sanctioned for violating multiple court orders.

DATED this 6th day of February, 2024.

                                                  BY THE COURT:

                                                  Clark Waddoups
                                                  United States District Judge