UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OMNIQ CORPORATION; HTS IMAGE PROCESSING, INC.; and HTS (USA) INC., <br><br>Plaintiffs, <br><br>v. <br><br>REDLPR, LLC; SAGY AMIT; JEREMY BARKER; and RIVERLAND TECHNOLOGIES LLC, <br><br>Defendants. | **MEMORANDUM DECISION AND ORDER AND REQUEST FOR ADDITIONAL BRIEFING** <br><br>Case No. 2:19-cv-437-CW-DBP <br><br>Judge Clark Waddoups |

This matter is before the court on related issues concerning attorney fees, withdrawal of counsel, and pending deadlines.

## I. MR. ONG'S WITHDRAWAL AS COUNSEL AND OBLIGATION TO PROVIDE INFORMATION

Jacob C. Ong, counsel for Defendants RedLPR, LLC and Jeremy Barker, filed a Motion to Withdraw as Counsel (ECF No. 337) on March 18, 2025. The court denied the request on March 19, 2025, because of issues that were pending and the prejudice it would cause to the defendants Mr. Ong represented. Doc. Text Order (ECF No. 339).

Subsequently, Mr. Barker filed a declaration concerning attorney fees, wherein he declared the following:

> We asked Mr. Ong to provide us with his estimated total of billable hours but he refused without getting paid for the motion in advance. It is worth noting that we paid all of Ong's invoices thus far and we owe him nothing in past invoices.

Barker Decl., at ¶ 8 (ECF No. 343). On April 15, 2025, Mr. Ong then filed a second Motion to Withdraw as Counsel (ECF No. 352), even though no other counsel had appeared, and the same concerns remained.

On April 28, 2025, however, a Notice of Substitution of Counsel (ECF No. 355) was filed. Pursuant to DUCivR 83-1.4(a), "[a]n attorney admitted to practice" in this court "may replace an attorney in a pending case without leave of court by filing a Notice of Substitution." Accordingly, Mr. Ong's second motion to withdraw is now moot, and the court recognizes that Mr. Ong no longer represents RedLPR and Mr. Barker.

Nevertheless, Mr. Ong continues to have professional obligations towards his former clients, and to the extent Mr. Ong has failed to meet those obligations and is impacting the pending issue of attorney fees, Mr. Ong remains responsible to address the issues before this court. All attorneys practicing in this District Court are subject to the Utah Rules of Professional Conduct and the Utah Standards of Professionalism and Civility. DUCivR 83-1.1(d) (2024). Rule 1.5(a) of the Utah Rules of Professional Conduct requires attorney fees to be reasonable. To ensure fees are reasonable, an attorney should be able to detail what time and labor has been spent on a case. While requirements are somewhat different if a flat-fee arrangement exists, it does not remove an attorney's obligation to show the reasonableness of his or her fees. *See Long v. Ethics & Discipline Comm. of the Utah Supreme Court*, 2011 UT 32, ¶ 52, 256 P.3d 206, 218. Additionally, clients are entitled to their file upon the termination of representation. Utah Rules of Prof'l Conduct Rule 1.16(d).

Mr. Barker asked Mr. Ong to provide information about the work Mr. Ong performed and the hours spent on this case. Such information was and is necessary to support a motion for attorney fees. Providing such information also is required by Mr. Ong's professional obligations. Yet, according to Mr. Barker's declaration, Mr. Ong refused to provide the requested information. Mr. Ong's conduct is not in conformance with his professional obligations. To the extent Mr. Ong has not provided the requested information to RedLPR and Mr. Barker, the court orders Mr. Ong to do so on or before **Friday, May 16, 2025**. Mr. Ong shall file a declaration with the court by the same deadline attesting that he has complied with the court's order.

## II.     ATTORNEY FEES ALLOWED BY TRADE SECRET STATUTES

Pending before this court is the amount of attorney fees Plaintiffs owe the defendants as a sanction. When Defendant Sagy Amit filed his motion for attorney fees, he also asserted that attorney fees should be awarded under the Defend Trade Secrets Act ("DTSA") and the Utah Uniform Trade Secrets Act ("UUTSA"). Amit Mot. for Atty Fees, at 1 (ECF No. 342). "Under the DTSA and the UUTSA, the court may award the prevailing party reasonable attorney's fees if 'a claim of misappropriation is made in bad faith.'" *Applied Predictive Techs., Inc. v. MarketDial, Inc.*, No. 2:19-cv-496-JNP-CMR, 2025 WL 906182, at *2 (D. Utah Mar. 25, 2025) (alteration omitted) (quoting 18 U.S.C. § 1836(b)(3)(D); *see also* Utah Code Ann. §§ 13-24-5; 78B-5-825). Although the court has found that Plaintiffs have acted in bad faith, the standard for determining bad faith under the DTSA and UUTSA is different from the analysis applied to sanctions. Mr. Amit did not brief how Plaintiffs' conduct meets the statutory standard.

To address this issue, the court requests briefing on how Plaintiffs conduct does or does not meet the requirements for statutory attorney fees and what those attorney fees should be, if

3

any. Because RedLPR and Mr. Barker have recently retained new counsel, and the issue of statutory attorney fees is newly before the court, the court extends the time for RedLPR and Mr. Barker to file their motion for attorney fees so they may address attorney fees under the DTSA, UUTSA, and as a sanction, within one brief, if they elect to do so. In place of the previous deadlines, the following briefing schedule shall apply to all parties:

| | |
|---|---|
| Motion for Attorney Fees | May 30, 2025 |
| Opposition to Motion for Attorney Fees | June 20, 2025 |
| Reply in Support of Motion | July 11, 2025 |

## CONCLUSION

For the reasons stated above, the court ORDERS the following:

1. The court denies as moot Mr. Ong's Second Motion to Withdraw as Counsel (ECF No. 352). Although Mr. Ong no longer represents RedLPR or Mr. Barker, the court directs the Clerk's Office not to terminate him as counsel on the docket at this time;

2. **On or before May 16, 2025**, Mr. Ong shall provide documentation to RedLPR and Mr. Barker about his time and labor spent on this case to the extent Mr. Ong has not already done so;

3. **On or before May 16, 2025**, Mr. Ong shall file a declaration attesting he has complied with the court's order. Upon compliance with the court's order, Mr. Ong may be terminated as counsel on the docket;

4. The time for RedLPR and Mr. Barker to file their Motion for Attorney Fees is extended to **Friday, May 30, 2025**;

5. Mr. Amit and Plaintiffs, and to the extent the other remaining defendants wish to do so, shall brief whether attorney fees are appropriate under the DTSA and/or the UUTSA according to the briefing schedule stated above.

6. The Motion to Substitute Attorney (ECF No. 355) is not a motion, but a "Notice of Substitution of Counsel for Defendants RedLPR, LLC and Jeremy Barker." The filing requires no action by the court, so the motion shall be terminated.

SO ORDERED this 2nd day of May, 2025.

BY THE COURT:

Clark Waddoups
United States District Judge