IN THE UNITED STATES DISTRICT COURT
DISTRIC OF UTAH

| | |
|---|---|
| OMNIQ CORPORATION; HTS IMAGE PROCESSING, INC.; AND HTS (USA) INC.,<br><br>Plaintiff,<br><br>v.<br><br>REDLPR, LLC; SAGY AMIT; JEREMY BARKER; AND RIVERLAND TECHNOLOGIES LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19-cv-437<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on a Motion for Disclosure of Information and a Motion to Stay filed by Plaintiffs OMNIQ Corporation; HTS Image Processing, Inc.; and HTS (USA) Inc. (collectively, "Plaintiffs"). Plaintiffs seek unredacted invoices from the defendants, along with past engagement letters between the defendants and their counsel. The court denies the Motion for Disclosure of Information. The court denies the Motion to Stay as moot and sets forth a new briefing schedule below.

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2025, the court held that sanctions were appropriate against Plaintiffs, including the imposition of attorney fees. *OMNIQ Corp. v. Redlpr, LLC*, No. 2:19-CV-437-CW-DBP, 2025 WL 525044, at *21 (D. Utah Feb. 18, 2025). The court directed the defendants "to file

a motion with supporting declarations establishing the attorney fees" they incurred as a result of Plaintiffs' improper actions. *Id.*

Subsequently, the defendants have asserted that attorney fees are appropriate not only as a sanction, but also under the Defend Trade Secrets Act ("DTSA") and the Utah Uniform Trade Secrets Act ("UUTSA"). "Under the DTSA and the UUSTA, the court may award the prevailing party reasonable attorney's fees if 'a claim of misappropriation is made in bad faith.'" *Applied Predictive Techs., Inc. v. MarketDial Inc.*, No. 2:19-cv-496-JNP-CMR, 2025 WL 906182, at *2 (D. Utah Mar. 25, 2025) (alteration omitted) (quoting 18 U.S.C. § 1836(b)(3)(D)); *see also* Utah Code Ann. §§ 13-24-5, 78-B-5-825. The defendants contend that standard has been met, and they seek reimbursement of all attorney fees.

Plaintiffs assert the defendants failed to include invoices from all the law firms that represented the defendants. Plaintiffs pursued resolution of the issue by informally requesting from RedLPR, LLC and Jeremy Barker (the "Barker Defendants") all "invoices issued by each of the law firms for whom Defendants were claiming fees" and for those defendants to provide "materials reflecting the terms of Defendants' engagement of these firms." Mot. for Disclosure, at 1 (ECF No. 376).[1] In response to Plaintiffs' informal request, the Barker Defendants provided invoices and all engagement letters that were available to them. The Barker Defendants explained they were unable to obtain engagement letters from two of the prior law firms. Email, at 5–6 (ECF No. 376-1). Additionally, the Barker Defendants redacted certain invoices to remove banking

---

[1] When citing to the record, the pincite refers to the ECF page numbering at the top of the page and not to page numbering elsewhere on the document.

information, payment method information, and "internal information from the prior firm that we weren't comfortable giving out." *Id.* at 5.

Plaintiffs now move for the court to order production of all engagement letters and unredacted invoices pursuant to Rule 54 of the Federal Rules of Civil Procedure. Plaintiffs assert the information is needed because the redacted fields likely will identify who actually "incurred the claimed fees." Reply in Supp. of Mot. for Atty Fees, at 1 (ECF No. 381). Additionally, Plaintiffs assert questions exist whether the Barker Defendants were billed on a "flat fee" basis or hourly basis, and that "Plaintiffs are entitled to a transparent (i.e., not selectively sanitized) understanding of the underlying basis for the [attorney fee] request." Mot. for Atty Fees, at 3 & n.3 (ECF No. 376). Plaintiffs assert unredacted invoices are necessary to address their concerns about the appropriateness of the claimed attorney fees.

## ANALYSIS

### I. RULE 54 – ATTORNEY FEES

Rule 54 of the Federal Rules of Civil Procedure specifies a motion for attorney fees must "state the amount sought or provide a fair estimate of it," and it must "disclose, if the court so orders, the terms of any agreement about fees for services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(iii)–(iv). The rule further provides the requirements for attorney fees "do not apply to claims for fees and expenses as sanctions for violating these rules." Fed. R. Civ. P. 54(d)(2)(E). As stated above, the court has determined that attorney fees are appropriate as a sanction, but the defendants also move for attorney fees under the DTSA and UUTSA. Accordingly, Rule 54 is applicable to the extent attorney fees are sought under those statutes.

### A. Invoices

Plaintiffs seek unredacted invoices to know what notes or other information were included on the billing statements. When determining the appropriateness of attorney fees, the Tenth Circuit applies a lodestar procedure where hours "reasonably spent on the litigation" is multiplied "by a reasonable hourly rate." *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citation omitted). This means a "prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations and citations omitted). Factors such as "the complexity of the case," what was "necessitated by the maneuvering of the other side," and "the number of hours spent on each task," help inform the court's analysis. *Id.* (quotations and citations omitted). When a party seeks attorney fees in this district, the party must submit an affidavit that identifies (1) who performed the work, (2) that person's qualifications and experience, (3) what services were rendered, including what time was spent and the hourly rate charged, and (4) any other pertinent information that supports the claimed fees. DUCivR 54-1(a)(B)(iv).

Utah courts have articulated the following factors:

1. What legal work was actually performed?

2. How much of the work performed was reasonably necessary to adequately prosecute the matter?

3. Is the attorney's billing rate consistent with the rates customarily [charged] in the locality for similar services?

4. Are there circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?

*Burdick v. Horner Townsend & Kent, Inc.*, 2015 UT 8, ¶ 59, 345 P.3d 531, 549. Although *Burdick* did not pertain to trade secrets under the UUTSA, the listed factors are "well-established in [Utah] case law," *id.*, and are consistent with the Tenth Circuit's lodestar procedures.

Here, the Barker Defendants provided invoices and submitted affidavits. Although some information was redacted on the invoices, the court concludes the defendants have provided adequate information whereby Plaintiffs can address the factors stated above. *See Residential Warranty Servs., Inc. v. Goyo Media, LLC*, No. 2:20-cv-898-TC, 2025 WL 2223230, at *3 (D. Utah Aug. 5, 2025) ("While [a party] redacted some portions of the task descriptions, [the party's] summary is sufficient for the court to determine the type of work performed and the amount of time each task required.").

### B. Engagement Letters

Plaintiffs seek production of all engagement letters to determine who incurred the legal fees at issue, and whether the attorney fees were incurred on a flat fee or hourly basis. *See* Reply, at 4–5 & n.1 (ECF No. 381).

#### i. Person Responsible to Pay Legal Fees

Rule 54 mandates production of engagement letters only when the court so orders. The court declines to order such a production because the affidavits submitted by the Barker Defendants attest that the defendants incurred or are responsible for the fees. Even if another paid the fees or the attorneys waived certain fees,

> [i]t is well-settled that an award of attorney fees is not necessarily contingent upon an obligation to pay counsel. Generally, awards of attorneys' fees where otherwise authorized are not obviated by the fact that the individual plaintiffs are not obligated to compensate their counsel. The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards.

*Avalon Care Ctr. – Fed. Way, LLC v. Brighton Rehab., LLC*, No. 2:10-cv-1038-BSJ, 2013 WL 4027535, at *4 (D. Utah Aug. 7, 2013) (quotations omitted) (quoting *Ed A. Wilson, Inc. v. Gen. Servs. Admin.*, 126 F.3d 1406, 1409 (Fed. Cir. 1997)), *aff'd*, 595 F. App'x 794 (10th Cir. 2014)); *see also Barnes v. Sea Hawaii Rafting LLC*, No. CV 13-00002 ACK-WRP, 2021 WL 4450019, at *3 (D. Haw. Aug. 25, 2021) (awarding attorney fees that were incurred "[r]egardless of whether Plaintiff in fact paid any fees to his counsel"), *report and recommendation adopted*, No. CV 13-0002 ACK-WRP, 2021 WL 4449267 (D. Haw. Sept. 28, 2021).

In this case, the Barker Defendants submitted affidavits that attest to who incurred the fees and the invoices detail what services were provided. From that information, Plaintiffs can address whether the claimed attorney fees are reasonable. Further details about payments are not necessary to the analysis.

### ii. Flat Fee and Hourly Arrangements

Plaintiffs further contend they must receive the defendants' engagement letters to resolve inconsistencies and determine if the defendants' attorney fees were incurred on a flat fee or hourly basis. *See* Reply, at 4–5 & n.1 (ECF No. 381). Plaintiffs have failed to show why engagement letters are needed from all law firms, when only Ongs Law Firm, PLLC may have billed in whole or in part on a flat fee basis. Moreover, when a law firm enters a flat fee agreement, "the fee that is actually charged must still be evaluated for reasonableness." *Long v. Ethics & Discipline Comm. of the Utah Supreme Ct.*, 2011 UT 32, ¶ 48, 256 P.3d 206, 217. As stated above, local rule 54-1 requires that an affidavit be submitted that details the hours spent for each service and the hourly rate charged for that service, so a court can determine the reasonableness of the fees actually charged. The defendants submitted affidavits, including from Mr. Ong that provide the required

information, and Mr. Ong has attested to the accuracy of the information he provided. The court concludes Plaintiffs have been provided sufficient information to address the factors stated above and to brief the reasonableness of the fees claimed by the defendants.

## II.     MOTION TO STAY AND BRIEFING SCHEDULE

Plaintiffs moved for the court to stay briefing in this matter until the defendants produced the information requested by Plaintiffs. Based on the court's ruling above, the motion to stay is denied as moot. The court sets forth the following briefing schedule to complete briefing on the defendants' motions for attorney fees:

| | |
|---|---|
| Plaintiffs' Opposition Brief | Thursday, October 9, 2025 |
| Defendants' Reply Brief(s) | Thursday, October 23, 2025 |

## CONCLUSION

For the reasons stated above, the court denies Plaintiffs' Motion for Disclosure of Information (ECF No. 376). The court denies as moot Plaintiffs' Motion to Stay (ECF No. 377). The remaining briefing on the defendants' motions for attorney fees shall proceed according to the schedule stated above.

DATED this 24th day of September, 2025.

BY THE COURT:

_____
Clark Waddoups
United States District Judge